**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**C. ANNE WHITE,**

                **Plaintiff(s),**            **CASE NUMBER: 06-13116
HONORABLE VICTORIA A. ROBERTS**

**v.**

**JP MORGAN CHASE BANK, and
HOMEAMERICAN CREDIT INC, d/b/a
UPLAND MORTGAGE, jointly and
severally,**

                **Defendant(s).**
_____/

**ORDER DENYING PLAINTIFF'S
EX-PARTE EMERGENCY MOTION FOR
TEMPORARY RESTRAINING ORDER**

      This matter is before the Court on Plaintiff C. Anne White's Ex-Parte Emergency

Motion for Temporary Restraining Order.

      In deciding whether to grant a temporary restraining order, the Court must

balance: "1) whether plaintiff[] ha[s] shown a strong or substantial likelihood or

probability of success on the merits; 2) whether plaintiff[] ha[s] shown irreparable injury;

3) whether the issuance of a preliminary injunction would cause substantial harm to

others; 4) whether the public interest would be served by issuing a preliminary

injunction." *Brown v City of Detroit*, 715 F.Supp. 832, 835 (E.D. Mich. 1985).  Here,

Plaintiff failed to show that there is a strong or substantial likelihood that she will prevail

on her claims that, in violation of the Fair Housing Act, 42 U.S.C. §3601, *et seq.*, and

the Elliot-Larsen Civil Rights Act, M.C.L.§37.2202, Defendant JP Morgan Chase Bank

1

breached an agreement to sell real estate to her because of racial bias.  Specifically,

Plaintiff presents no evidence in support of her claim that she had a valid and binding

agreement with Defendant or that Defendant reneged on the agreement for the racially

motivated reasons claimed.

Plaintiff's request for a temporary restraining order is **DENIED**.

**IT IS SO ORDERED.**


s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  July 19, 2006

The undersigned certifies that a copy of this
document was served on the attorneys of
record by electronic means or U.S. Mail on
July 19, 2006.

s/Linda Vertriest
Deputy Clerk

2